Joel T. Zenger
MILLER TOONE, P.C.
165 Regent Street
Salt Lake City, Utah
801/363-5600
zenger@millertoone.com

Attorneys for COWS, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| COWS, Inc., a Canadian Corporation,<br><br>                Plaintiff,<br>   v.<br><br>NEWCOW USA, Inc. d/b/a Java Cow Café & Bakery, a Utah Corporation, and KENNETH A. DAVIS, individually,<br><br>                Defendants. | **COMPLAINT**<br><br><br>**Case No. 2:15-CV-00120 DS**<br><br>**Judge David Sam** |

COWS, Inc., for its Complaint against Newcow USA, Inc., and Kenneth A. Davis, Individually, states the following.

**Nature of this Action**

1. This action arises out of Defendants' infringement of Plaintiff's trademarks, in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, as well as common law unfair competition and state law unfair and deceptive competitive practices of defendants in their commercial advertising of directly competing products.

**The Parties**

2. COWS, Inc. ("COWS") is a Canadian corporation with its principal place of business in Prince Edward Island, Charlottetown, P.E.I., Canada.

3. Newcow USA, Inc. d/b/a Java Cow Café & Bakery ("Newcow"), is a Utah corporation with its principal place of business in Park City, Utah.

4. Kenneth A. Davis ("Davis") is the principal of Newcow and resides in Park City, Utah.

**Jurisdiction and Venue**

5. This is a civil action for injunctive relief and damages for violation of the Lanham Act, 15 U.S.C. §§ 1051, et seq.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(b).  This Court has supplemental jurisdiction over COWS' state law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Newcow because it transacts business within the State of Utah and this Judicial District, resides in this State and a substantial part of the events giving rise to the claims occurred in this State.

7. This Court has personal jurisdiction over Davis because he resides in this District and transacts business within the State of Utah and this Judicial District and a substantial part of the events giving rise to the claims occurred in this State.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) because Newcow and Davis conduct business in this District.

**COUNT I**

**(Breach of Agreement)**

9. COWS repeats and re-alleges paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. COWS owns multiple federal trademark registrations in its famous COWS design mark and the trademarks WOWIE COWIE and MOO CRUNCH for use in association with its ice cream parlors, along with other federal trademark registrations.

11. Since 1983, COWS has been making and selling old fashioned ice cream and operates multiple ice cream parlors under its popular trademarks.  Significantly, from January, 1996 through April, 2009, COWS operated a franchise of its COWS ice cream parlor in Park City, Utah.  Newcow operated this store as a franchisee from February, 2001 until April, 2009.  The franchise was not renewed and Newcow opened its own store under the Java Cow Café & Bakery in the same location.

12. Shortly thereafter, Newcow opened a new store under the name of Java Cow Café & Bakery in the same location as the COWS franchise. Newcow is operated under the direct supervision and control of Davis.

13. On November 6, 2013, COWS issued a cease and desist letter to Newcow as a result of Newcow's infringement of these trademarks in connection with the advertising, marketing and sale of ice cream and other products by its Java Cow Café & Bakery, located in Park City, Utah. The cease and desist letter explained that Newcow, by these actions, was committing trademark infringement, trademark dilution, false designation of origin and unfair competition under the Lanham Act and that such conduct was intentional because Newcow and its principal Davis had direct knowledge of COWS' intellectual property rights when Java Cow Café & Bakery was opened.

14. As a result of the cease and desist letter, Davis, the principal of Newcow, executed a January 7, 2014 Agreement, which recognized COWS' trademark rights and agreed, on behalf of himself individually and Newcow, to immediately cease using any of these trademarks, including use of the famous COWS design mark in any manner whatsoever.

15. COWS owns a U.S. federal trademark registration for its famous trademark, Reg. No. 1,573,487. (A copy of the registration and examples of its use on COWS stores, its website and merchandise are attached as Exhibit A.)

16. As the Exhibits demonstrate, in addition to continuous use of the mark on COWS stores, it has also been used continuously on COWS' website to advertise the COWS brand and on COWS merchandise. A significant amount of COWS' online sales are to U. S. residents.

17. It recently came to the attention of COWS that both Newcow and Davis were in violation of this Agreement as a result of the continued use of COWS famous trademark/design displayed as signage on the front door of the café and in photographs of said signage on Newcow's website and Facebook page. (Attached as Exhibit B is an example of said signage reflecting infringing use of COWS.)

18. On February 10, 2015, COWS sent a cease and desist letter to Davis by express mail, the delivery of which is confirmed. The letter demanded that Davis and Newcow

immediately and permanently cease infringing the famous COWS design mark, remove all signage from the store, identify all other uses of the mark, destroy all advertising/marketing materials and/or products on which the mark appears and remove all images of the mark and design from the company's website, Facebook page or any other social media.  In addition, it demanded that Newcow and Davis execute a consent judgment enjoining them from any further use of the COWS mark or any substantially similar mark, along with payment to COWS in the sum of $5,000.

19. The February 10, 2015 cease and desist letter demanded written assurance of compliance by February 16, 2015.  Neither Newcow nor Davis responded.

20. Newcow and Davis violated the Agreement, said violation is intentional and COWS is irreparably harmed by defendants' intentional violation of said Agreement and continuing infringement of COWS' trademark, including harm to its reputation and goodwill.

## COUNT II

**(Trademark Infringement, False Association, False Advertising and False Designation of Origin Under the Lanham Act)**

21. COWS repeats and re-alleges the allegations in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. The purpose of the Lanham Act is to avoid confusion in the marketplace by allowing a trademark owner to prevent others from duping customers into buying a product they mistakenly believe is sponsored by the trademark owner.

23. By continuing to use the famous COWS trademark, defendants are liable for intentional trademark infringement, trademark dilution, false designation of origin and false association. Said conduct is especially harmful and elicits confusion, given that COWS was the owner of the COWS franchise in Park City, Utah for a number of years and said franchise operated in the same location.

24. Defendants' false and misleading advertising deceived and continued to deceive its customer base, giving the impression that Java Cow Café was somehow associated with COWS famous brand.

25. Defendants' conduct is egregious because defendants represented in the January 7, 2014 Agreement that they would cease and desist from said infringement and have violated said Agreement.

26. Defendants' conduct constitutes false advertising, false association and false designation of origin, in violation of § 43(a) of the Lanham Act.

27. Defendants committed these acts with knowledge of and with intentional disregard for the rights of COWS.

28. Davis is and has been the moving force with respect to this wrongful, intentional conduct.

29. Said false advertising, false association and false designation of origin representations are material.

30. As a result, COWS has suffered irreparable harm to its valuable trademarks, reputation and goodwill.

31. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT III

### (Common Law Unfair Competition)

32. COWS repeats and re-alleges the allegations in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. The actions of defendants described above constitute common law unfair competition.

34. As a direct result of these false representations, COWS has sustained damages.

## COUNT IV

### (Truth in Advertising – Utah Code Ann. § 13-11S-1 *et seq.*)

35. COWS repeats and re-alleges the allegations in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. Defendants have engaged in deceptive trade practices through their continuing use of the famous COWS design/trademark.

37. Defendants' deceptive trade practices include, but are not limited to, the following:

a. Passing off their goods or services as those of another;

b. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and

c. Causing likelihood of confusion or of misunderstanding as to the affiliation, connection, association with or certification of another.

38. COWS has suffered irreparable harm by Defendants' deceptive practices.

## PRAYER FOR RELIEF

Wherefore, COWS, Inc. seeks judgment in its favor, including the following relief:

39. Entry of judgment in favor of COWS, Inc. and against Defendants jointly and severally on all causes of action alleged herein;

1. Ordering Defendants to pay COWS, Inc. its actual damages caused by Defendants' wrongful actions, in an amount to be determined at trial;

2. Ordering Defendants to disgorge all profits derived from their wrongful activities and to pay said profits, trebled, to COWS, Inc.;

3. Ordering Defendants to pay COWS, Inc. all of its damages, trebled, resulting from the misconduct of Defendants, including full compensation for injury to its goodwill and business reputation;

4. Ordering Defendants to pay COWS, Inc. punitive damages for the intentional acts of false advertising, false designation or origin and unfair competition;

5. Ordering Defendants to issue corrective advertising sufficient to dispel the lingering harmful effects of its actions;

6. Ordering Defendants to deliver up for destruction within 30 days of entry of judgment all advertising and other materials in its actual or constructive possession that violate the terms of the Agreement, and infringe the trademarks and copyrights of COWS, Inc. and constitute false advertising, false designation of origin and unfair competition;

7. Permanently enjoining Defendants from use of COWS, Inc.'s trademarks in any manner whatsoever;

8. Declaring this an exceptional case and awarding COWS, Inc. its reasonable attorneys' fees and costs;  and

9. For such further relief as this Court deems just and proper.

DATED THIS 24th day of February, 2015.

          MILLER TOONE, P.C.


By: /s/ Joel T. Zenger
Joel T. Zenger
*Attorneys for Plaintiff COWS, Inc.*